DECISION.
{¶ 1} In this case, we decide whether a guilty plea is valid despite the trial court's misstatement of the maximum potential sentence for a fourth-degree felony. We hold that if the sentence imposed is within the statutory range and does not exceed the misstated maximum potential sentence, then no prejudice has occurred and the guilty plea complies with Crim.R. 11 and is valid.
 {¶ 2} Under an agreed plea and sentence, defendant-appellant Demarco Penny pleaded guilty to two counts of gross sexual imposition.[1] One count was a third-degree felony and one was a fourth-degree felony. In exchange for his guilty plea, the remaining counts were dismissed. Penny was sentenced to 12 months' incarceration on the fourth-degree felony, followed by a period of community control on the third-degree felony. He agreed that if he violated the community-control sanction, he would be incarcerated for five years. During the Crim.R. 11 colloquy, the trial court misstated that the maximum sentence for a fourth-degree felony was 12 months, when it is actually 18 months.[2] The trial court sentenced him to 12 months.
 {¶ 3} After his release, Penny violated his community control. Penny later pleaded no contest to the community-control violation, and he was sentenced to five years' incarceration as had been agreed. Penny now argues that initially misstating the maximum sentence for the fourth-degree felony vitiated the validity of his plea for both offenses. Under these facts, he loses. Penny's 12-month sentence was within the statutory range for a fourth-degree felony and did not exceed the misstated maximum sentence. Had the trial court imposed an 18-month sentence after erroneously *Page 3 
notifying Penny that the maximum sentence allowable was 12 months, Penny could have showed prejudice arising from the misstatement. But that did not happen — the sentence was within the statutory range and did not exceed the misstated maximum sentence. And Penny has served out the 12 months anyway. This in no way affected the plea to the other count. The trial court's judgment is therefore affirmed.
Judgment affirmed.
Dinkelacker and Winkler, JJ., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] R.C. 2907.05(A)(1).
[2] R.C. 2929.14(A)(4). *Page 1